7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hewin Samuel WRIGHT, Defendant-Appellant.
 No. 92-5532.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 9, 1992.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-91-180-G)
 Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Hewin Samuel Wright pled guilty to possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a), (b)(1)(A) (West 1981 & Supp. 1992). He received a 120-month sentence. Wright now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Wright was advised of his right to file a separate brief; however, he has filed nothing in support of his appeal.
 
 
 2
 Our review of the briefs, appendix, and other materials before us reveals that there is no merit to Wright's appeal. The district court conducted a hearing on Wright's motion to suppress drugs and drug paraphernalia seized from Wright's motel room and luggage. Following the hearing, at which a police officer and Wright testified, the district court made a credibility determination in favor of the officer and found that Wright had voluntarily consented to the search. Because this factual determination was not clearly erroneous, the denial of the suppression motion will be upheld. See United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990).
 
 
 3
 Following the court's ruling on the suppression motion, Wright changed his plea to guilty. Review of the transcript of the plea proceeding reflects compliance with Fed. R. Crim. P. 11. Similarly, our review of the sentence imposed reflects that Wright's 120-month sentence is in accordance with the statute under which he was convicted and with the Sentencing Guidelines.
 
 
 4
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Consequently, we deny the motion of Wright's attorney to withdraw.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED